Judge Ewing
delivered the opinion of the Court.
Pitman Cloudas made his last will and testament, in which he directed all his estate, real and personal, to be sold for the payment of his debts, and devised the res-due, if any, after the payment of his debts, to his wife, Joice Cloudas, and appointed her his executrix, with full power to make sales and conveyances, for the purposes aforesaid. After his death, his executrix took upon her the execution of the will, and sold a lot of ground for seven hundred and fifty dollars, and collected the .money.
Alison Adams brought a petition and summons, in two cases, against her, on notes executed by her testator. She pleaded plene administravü in each, upon which issue was taken; upon the trial of which, the plaintiff proved, that she had sold, and collected the sum of seven hundred and fifty dollars, as the consideration of said lot sold.
Her counsel moved the Court, in each case, to instruct the jury, that she was not chargeable in this action, with the amount of money collected from the sale of the lot; which was refused by the Court; and this refusal of the Court to give the instruction asked, presents the only question in the record, which we deem important to examine.
Two questions arise out of the proposition involved in the instruction.
First. Was the money collected equitable, or legal assets?
Second. If equitable, was the executrix chargeable with the amount, on the trial of the issue joined?
First. There has been great diversity, in the ancient adjudications of the English Courts, upon the first prop *604 osition. Many respectable authorities have contended that, when an executor had in his hands money which he, had raised by the sale of the real estate of his testator, pursuant to'a devise, or power given to him for that purpose, that such money was, in a court of law, assets for the payment of the testator’s debts, 1 Roll. Abr. 920; Kethike vs. Carivan, 1 Lev. 224; Hocker vs. Buckland, 2 Vern. 106, and Black vs. Wilder, 1 Atk. 420. But authorities equally ancient and respectable maintained á contrary doctrine. Gill vs. Aderly, 2 Cha. Cas. 54; 2 Vernon, 405, 1 Vernon 64; Woolstoncroft vs. Long, 1 Cha. Cas. 32, &c. And consistent with these latter authoritiés is the current of. modern decisions. So that it may now be regarded as the settled doctrine, that real estáte devised to be sold for the payment of. debts, or money arising from the sale of such estate, is equitable assets; and therefore distributable among creditors, pari passu, upon the principles of equality, without regard to the’ dignity of their demands. And it was settled by this Court, in the case of Helm et al. vs. Darby’s Adm'r. 3 Dana, 186, upon a full review of. all the authorities, that á power given by an .executor, to sell real'estate for the payment of debts, or a charge on' such estate, imposed by a will for the payment of debts, converts the estate into equitable assets, distributable only in equity, upon the equitable principles of equality. ’
4-n ex’or is not chargeable, - hi the trial of an issue upon a plea of plene administramt, with money raised by -__ *fatedevisedfor the payment of fssetsi^Proof that the legal as sets have been fully administereib sustains the
*604 The estate thus charged with the payment of debts, is a trust fund, set apart by the will of the decedant, to" the purposes designated, and should only' be controlled in á Court of Equity, whose powers and- jurisdiction are peculiarly fitted to regulate and control it.
And though the estate has been sold by the executor, and'eonverted into money, the money, we think, still partakes of the nature and charactér of the estate out of which it was raised; is still á trust fund in his'hands, and subject to the equitable control of the Chancellor.
Second. It seems to follow, that if the money collected from the sale of real estate, by an executory be equitable assets, that the executrix was not chargeable with the amount, in the trial of the issue at law, of plene adminislravit.' A court of law Only takes cognizance of *605 legal assets. The issue only involves the inquiry, as to the administration of legal assets. And if the executrix shows, that she has fully administered all legal assets that came to her hands, she has maintained the issue .■ .... , , implied m the plea.
A court of law will not assume jurisdiction to regulate and control equitable assets. If it could, it would direct the administration, according to those rules which govern a court of law, in the distribution of legal as-9 S6tS#
They are left to their appropriate tribunal, where all who are interested in the trust fund, may be brought before the Court, if necessary, and equal justice done to all, according to those principles of equality which govern the Chancellor.,
We are aware that a different doctrine was intimated by this Court, in the case of Loftu's vs. Locker, 1 J. J. Mar. 298. But that intimation seems to have been given in accordance with the more ancient authorities, and was not necessary for the determination of the case then before the Court; and has been since overruled in principle, by the case of Helm et al. vs. Darby's Adm'r.
The question of devastavit vel non, which was the maip point involved in that case, is not involved in the case now under consideration, and it is not necessary for us now, to express any opinion on that point.
It is, therefore, the opinion of the Court that-the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted.