# Ducker's Heirs *vs* Stubblefield's Heirs and Executors,

### APPEAL FROM THE CHRISTIAN CIRCUIT.

*Case* 130.

*Executors. Substitution. Powers. Trusts.*

JUDGE SIMPSON delivered the opinion of the Court.

*September* 27.

BEVERLY STUBBLEFIELD, after reciting in his last will and testament, that he had recently become bound to the Bank of Kentucky for a debt of five thousand dollars, stated that it was his express will and desire, should it be necessary at any time for his executors to sell any part of his estate to satisfy that debt, or any part thereof, that a tract of land, described by him, should be sold for the purpose. He appointed his wife, Mary Stubblefield, executrix, and his son-in-law, Green Rayborn, executor of his will; both of whom qualified as such.

Case stated.

At the testator's death, there remained unpaid two thousand dollars of the Bank debt. It was discharged by the widow, Mary Stubblefield, who executed her own note for the amount, which she subsequently paid. ·

In the year 1832, she, as executrix, sold the tract of land mentioned in the testator's will, to William Ducker, at the price of thirteen hundred dollars, which was paid to her by the purchaser, and a deed executed to him for the land, by her and some of the heirs at law of the testator, in which the executor, Green Rayborn, did not unite.

The price paid is proved to have been the full value of the land at the time of the sale. There does not seem to have been money on hand when the testator died, to have paid the debt; so that, had its payment not been assumed by the widow, a sale of some part of the testator's estate would have been necessary for the purpose. The purchaser was placed in possession of the land, which he has ever since retained. In 1845, he filed a bill in chancery against the executors and

DUCKER'S H'RS.
vs
STUBBLEFIELD'S
HEIRS, &c.

heirs of Beverly Stubblefield, to perfect his title to it, in which these facts were alleged. The Court dismissed his bill without giving him any relief.

The doctrine is, that a power given to an executor, by will, to sell real estate for the payment of the testator's debts, converts the heir into a trustee, and entitles the executor to the proceeds for the payment of debts: *Helm &c.* vs *Darby's Administrator*, (3 *Dana*, 185;) *Cloudus' Executrix* vs *Adams*, (4 *Dana*, 603.)

Courts of equity will, in favor of the parties interested, enforce the execution of such a trust. They will compel the trustees to execute the power, because it is coupled with a trust, and there is a duty which ought to be fulfilled. The executors, if authorized to sell by the provisions of the will, are regarded as trustees for this purpose, and when not authorized expressly, are deemed, by implication, to be the proper parties to make the sale: 2 *Story' Equity*, 320, 321.

As the testator expressly directed this tract of land to be sold, if a sale of any part of his estate was necessary to pay the bank debt, and as there was no money on hand at the time of his death, the contingency had occurred, which required the sale to be made, and a Court of equity would have enforced an execution of the trust, at the instance of the bank. As the widow paid the bank debt, she became entitled, by substitution, to this right, and could have compelled a sale of the land for the re-payment of the amount so paid by her.

She attempted to execute the power, and not having procured the other executor to join with her in the conveyance, its execution is defective. But notwithstanding this defect, as the trust would have been enforced at her instance, before its attempted execution, and as the purchaser, by the payment to her of the purchase money, became invested, in equity, with her rights, he is entitled to the aid of a Court of equity to compel the heirs at law, who hold the title in trust, to convey it to him.

As the purchaser gave a full price for the land, and the purchase money has been applied virtually in satisfaction of the trust created by the will, and the title is

A power given by will to an executor, to sell land for the payment of debts, converts the heir into a "trustee, and entitles the executor to the proceeds for the payment of debts: (3 *Dana*, 185; 4 *Ib.* 603.) and Courts of equity will compel the execution of such a power, because it is coupled with a trust—and where executors are authorized to sell, they are regarded as trustees for that purpose—and when not authorized expressly, they are deemed so by implication: (*Story's Eq.* 320-1.)

Land was charged with the payment of debts by will, the executrix advanced the money and paid the debts.—Held that she should be substituted to the rights of the creditors whose demands she had paid, and authorized to sell for her own benefit, and that the heirs should be decreed to convey.

Courts of equity will aid a defective execution of a power coupled with a trust.

imperfect, because of the defective execution of the power merely, a Court of equity, who can aid such defective execution of a power, coupled with a trust, ought to afford the necessary relief without any re-sale, particularly in a case like the present, where a full price was paid, and the purchaser has remained in the undisturbed possession of the land for a period of fifteen or sixteen years.

Wherefore, the decree is reversed, and cause remanded, that a decree may be rendered requiring the heirs at law of Beverly Stubblefield, deceased, who have not heretofore conveyed to the purchaser, to execute deeds to the complainants, conveying to them their title to said land.

*J. & W. L. Harlan* for appellants; *Morehead & Reed* for appellees.